UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSANNA O. STEPHENS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LYDIA PLESKUN, <br>    Plaintiffs, <br><br> v. <br><br> RUSHMORE LOAN MANAGEMENT SERVICES, LLC, U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF DWELLING SERIES IV TRUST, <br>    Defendants. | Civil Action No. 22-cv-10225-ADB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
RUSHMORE AND U.S. BANK TO DISMISS**

Susanna O. Stephens, individually and as personal representative of the Estate of Lydia Pleskun (the "**Plaintiff**") has not stated a claim upon which relief can be granted. The Plaintiff claims that Rushmore Loan Management ("**Rushmore**") and U.S. Bank Trust National Association as Trustee of Dwelling Series IV Trust[1] ("**U.S. Bank**") (collectively the "**Defendants**") failed to exercise the power of sale in the mortgage of Lydia Pleskun. However, the Plaintiff individually lacks standing to make such a claim. Meanwhile, the Plaintiff as personal representative seeks to manufacture a defect in the Defendants' notice of default by conflating the language in the notice of acceleration with the notice of default. For these reasons, the Defendants ask this Court to dismiss the Plaintiff's amended complaint. In support of this motion, the Defendants state as follows.

_____

[1] The correct name of the current holder of the mortgage is U.S. Bank National Association as Trustee of Dwelling Series IV Trust.

## STATEMENT OF MATERIAL FACTS

1.      On or about February 17, 2006, Lydia Pleskun and Rick Herring (the "**Borrowers**") executed a promissory note (the "**Note**") in the original principal amount of $198,900.00 in favor of Taylor, Bean & Whitaker Corp.  A copy of the Note is attached hereto as Exhibit 1.[2]

2.      On that same day, as security for their obligations under the Note, Lydia Pleskun and Rick Herring granted a mortgage on certain real property known as and numbered 578 Locustfield Road, East Falmouth, Massachusetts (the "**Property**") to Mortgage Electronic Registration Systems, Inc. as nominee for Taylor, Bean &Whitaker Corp. ("**MERS**")[3] in the original principal amount of $198,900.00 (the "**Mortgage**") and recorded with the Barnstable County Registry of Deeds (the "**Registry**") at Book 20799, Page 154.  A copy of the Mortgage is attached hereto as Exhibit 2.

3.      On or about December 23, 2014, Lydia Pleskun died.  A copy of the death certificate is attached hereto as Exhibit 3.

4.      On or about December 15, 2015, MERS assigned the Mortgage to Nationstar Mortgage LLC ("**Nationstar**") which assignment was recorded with the Registry.  A copy of the assignment is attached hereto as Exhibit 4.

---

[2] The Defendants have the right to include copies of certain documents if they are referenced by the Plaintiff but not included by the Plaintiff in his or her complaint. See Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996).  All documents attached to this motion are being attached pursuant to this holding.

[3] A review of the title to the property indicates that Rick Herring was never an owner of the Property.

5.      On or about January 27, 2016, a 35A Affidavit regarding the Note and Mortgage was filed with the Massachusetts Land Court.  A copy of the 35A affidavit is attached hereto as <u>Exhibit 5</u>.

6.      On or about June 6, 2017, Rick Herring transferred the Property to plaintiff Susanna O. Stephens by virtue of a deed recorded with said Registry.  However, Rick Herring never held an ownership interest in the Property and, therefore, plaintiff Susanna O. Stephens is not an owner of the Property.  A copy of the deed is attached hereto as <u>Exhibit 6</u>.

7.      On or about January 31, 2018, Nationstar assigned the Mortgage to Specialized Loan Servicing, LLC ("**Specialized**"); the assignment was recorded at the Registry.   A copy of the assignment is attached hereto as <u>Exhibit 7</u>.

8.      On or about June 22, 2020, Specialized assigned the Mortgage to U.S. Bank Trust National Association as Trustee of the Lodge Series IV Trust ("**Lodge**"); the assignment was recorded at the Registry.  A copy of the assignment is attached hereto as <u>Exhibit 8</u>.

9.      On or about October 30, 2020, Lodge assigned the Mortgage to U.S. Bank; the assignment was recorded at the Registry.  A copy of the assignment is attached hereto as <u>Exhibit 9</u>.

10.     On or about February 5, 2021, Rushmore – as servicer of the Note and Mortgage for U.S. Bank – sent to the Borrowers a notice of default pursuant to the Note and Mortgage.  A copy of the notice of default is attached hereto as <u>Exhibit 10</u>.

11.     On or about December 1, 2021, counsel for Rushmore sent to the Borrowers a notice of acceleration pursuant to the Note and Mortgage.  A copy of the notice of acceleration is attached hereto as <u>Exhibit 11</u>.

12.     The Borrowers are currently due for their April 1, 2017 payment under the Note.

13.     On January 18, 2022, the Plaintiff filed her complaint.

14.     On February 10, 2022, the Defendants removed the above-captioned action to this Court.

15.     On or about April 22, 2022, the Plaintiff filed with this Court an amended complaint ("**Complaint**").

## CONCLUSIONS OF LAW

16.     For the following reasons, this Court should dismiss the Plaintiff's complaint.

### Standard for Lack of Standing under Rule 12(b)(1)

17.     "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." <u>United States v. Coloian</u>, 480 F.3d 47, 50 (1st Cir. 2007).  Article III constitutional and statutory standing challenges call into question the court's subject matter jurisdiction, and are properly brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. <u>United Seniors Ass'n, Inc. v. Philip Morris USA</u>, 500 F.3d 19, 23 (1st Cir. 2007). "In evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), this court must 'accept as true all well-pleaded factual averments in the plaintiff[s'] complaint and indulge all reasonable

inferences therefrom in [their] favor.'" Katz v. Pershi*ng, LLC*, 672 F.3d 64, 70 (1st Cir.

2012)).  When the court lacks subject matter jurisdiction over the case due to lack of

standing, it is compelled to dismiss the action.  Fed. R. Civ. P. 12(h)(3).

### Standard for Failure to State a Claim under Rule 12(b)(6)

18.     As required by Fed. R. Civ. P. 12(b)(6), a complaint must give the defendant

fair notice of what the claim is and the grounds on which it rests and allege a plausible

entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868

(2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559, 127 S. Ct. 1955, 167 L. Ed. 2d

929 (2007).  The plausibility inquiry requires the court to distinguish "the complaint's

factual allegations (which must be accepted as true) from its conclusory legal allegations

(which need not be credited)." Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir.

2012).  The Court must then determine whether the factual allegations are sufficient to

support "the reasonable inference that the defendant is liable for the misconduct alleged."

Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  The

complaint should not be read "too mechanically"; rather, it should be considered as a

whole, along with a heavy dose of common sense. Rodríguez-Vives v. P.R. Firefighters

Corps of P.R., 743 F.3d 278, 283 (1st Cir. 2014).  All well-pled facts must be taken as true

and all reasonable inferences drawn in the plaintiff's favor. Ruivo v. Wells Fargo Bank,

N.A., 766 F.3d 87, 90 (1st Cir. 2014).  Consistent with Erie R. Co. v. Tompkins, 304 U.S. 64,

58 S. Ct. 817, 82 L. Ed. 1188 (1938), federal courts must apply the Twombly/Iqbal standard

even in cases where state law controls the substantive claims.  The First Circuit has stated

that "unadorned factual assertions as to the elements of the cause of action are

inadequate." <u>Maura v. Scotiabank P.R.</u>, 2019 U.S. Dist. LEXIS 175278 *40 citing <u>Penalbert-Rosa v. Fortuno-Burset</u>, 631 F.3d at 596. "'Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not.'" <u>Id</u>.

### Plaintiff Susanna Stephens Individually Lacks Standing
### Count I – Mortgage Power of Sale

19.     Plaintiff Susanna Stephens individually lacks standing to allege a violation of the Mortgage's power of sale and, therefore, this Court should dismiss Count I of the Complaint as alleged by her individually.   The rule is that standing is a federal jurisdictional question "determining the power of the court to entertain the suit." <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975). "The standing requirement -- or more accurately, requirements, as standing comprises a mix of constitutional and prudential criteria, flows from the limited nature of federal court jurisdiction, and specifically from the grounding of the federal judicial power in 'Cases' and "Controversies.'" <u>Nat'l Org. for Marriage v. McKee</u>, 649 F.3d 34, 46 (1st Cir. 2011) (citing U.S. Const. art. III; <u>Ariz. Christian Sch. Tuition Org. v. Winn</u>, 131 S. Ct. 1436, 1441-42 (2011)).   The constitutional aspect of standing embraces three (3) core requirements:

> First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'"  Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Nat'l Org. for Marriage, 649 F.3d at 46 (quoting Ariz. Christian Sch., 131 S. Ct. at 1442;

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (brackets in original)).  Thus,

for a plaintiff to have standing, "the alleged injury must be legally and judicially

cognizable . . ., the plaintiff [must] have suffered 'an invasion of a legally protected

interest which is . . . concrete and particularized, and the dispute [must be] 'traditionally

thought to be capable of resolution through the judicial process.'" Raines v. Byrd, 521

U.S. 811, 819 (1997) (quoting Lujan, 504 U.S. at 560; Flast v. Cohen, 392 U.S. 83, 97 (1968))

(citing Allen v. Wright, 468 U.S. 737, 751 (1984)). "The injury alleged must be . . . 'distinct

and palpable' and not 'abstract' or 'conjectural' or 'hypothetical[.]'" Allen, 468 U.S. at 751

(quoting Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983); O'Shea v. Littleton, 414 U.S.

488, 494 (1974)).  Plaintiff bears the burden to establish standing. Lujan, 504 U.S. at 561.

"'[S]tanding is not dispensed in gross,' and thus a plaintiff must separately prove

standing 'for each claim he seeks to press.'" Nat'l Org. for Marriage, 649 F.3d at 47 n.15

(quoting Lewis v. Casey, 518 U.S. 343, 358 n.6 (1996); DaimlerChrysler Corp. v. Cuneo,

547 U.S. 332, 352 (2006)).  Standing is a "threshold question" in cases challenging the right

to foreclose on a mortgage. Summers v. Fin. Freedom Acquisition LLC, 807 F.3d 351, 355

(1st Cir. 2015).   In this case, plaintiff Susanna Stephens individually has alleged no

judicially cognizable injury because she has no legally protectable interest in the Note and

Mortgage that Defendants are foreclosing.  Plaintiff individually is neither an obligor on

the Note nor a mortgagor of the Property. Complaint, ¶ 15. The rule is that "a nonparty

who does not benefit from a contract generally is without standing to enforce rights under

it." <u>Sullivan v. Kondaur Capital Corp.</u>, 85 Mass.App.Ct. 202, 205 (2014) <u>citing</u> <u>Cumis Ins.</u>
<u>Soc., Inc. v. BJ's Wholesale Club, Inc.</u>, 455 Mass. 458, 464 (2009).  For these reasons,
plaintiff Susanna Stephens individually lacks standing to allege a violation of the
Mortgage's power of sale and, therefore, this Court should dismiss Count I of the
Complaint as alleged by her individually.

<b><u>Plaintiff as Personal Representative Fails to State a Claim</u></b><br><b>Count I - Mortgage Power of Sale</b>

20.     The claim of plaintiff Susanna Stephens as personal representative that the
Defendants did not send out a proper notice of default should be dismissed because the
language that she complains of appears in a notice of acceleration.  The rule is that an
entity foreclosing a residential mortgage must strictly comply with the notice of default
provisions required by Paragraph 22 of the mortgage.  <u>Pinti v. Emigrant Mortg. Co., Inc.</u>,
472 Mass. 226, 243 (2015).[4]  Sending the notice of default prescribed by Paragraph 22 is a
"prerequisite to use of the mortgage's power of sale … to be invoked only if the default
is not cured within the time specified in the notice of default." <u>Id.</u> at 236.  In this case,
plaintiff Susanna Stephens as personal representative claims that the Defendants failed
to provide the Plaintiff the proper Notice of Default <u>and</u> Notice of Acceleration because
of the following:

> On December 1, 2021, Defendants … sent Plaintiff a
> purported acceleration notice that stated that the Plaintiff

---

[4] In <u>Pinti</u> the Supreme Judicial Court invalidated a mortgage foreclosure because the mortgagee failed to strictly comply with paragraph 22 of the mortgage.  "The language that Emigrant used in the default notice that it actually sent to the Plaintiff - that the Plaintiff 'have the right to assert in any lawsuit for foreclosure and sale the nonexistence of a default or any other defense [they] may have to acceleration and foreclosure and sale' (emphasis added) - presumably would comply with the requirements of paragraph 22 in a judicial foreclosure State, but not in Massachusetts". <u>Pinti v. Emigrant Mortgage Company, Inc.</u> 472 Mass. 226, 237.

"*may* still have the right to reinstate the loan" and "please also note, however, that the Holder reserves the right, if allowed by the loan documents and applicable law, to refuse to accpet (sic) a reinstatement and to insist upon full payment of all amounts due."   The above statement is additional and unnecessary language that is not in strict compliance with the Plaintiff's mortgage because it may serve to water down, overshadow, contradict or nullify the Plaintiff's unequivocal right to reinstate her mortgage.   Fed. Nat'l Mortg. Ass'n v. Marroquin, 74 N.E. 3d 592 (Mass. 2017).   As such, the Defendants failed to provide the Plaintiff proper Notice of Default and Notice of Acceleration in breach of the Mortgage contract …

Complaint, ¶¶ 23-24.  However, Plaintiff here is attempting a linguistic shellgame.  To avail herself of the Supreme Judicial Court's decision in Marroquin, the Plaintiff must allege that Defendants' notice of default contains language that "may serve to water down, overshadow, contradict or nullify the Plaintiff's unequivocal right to reinstate her mortgage."  Federal National Mortgage Assoc. v. Marroquin, 477 Mass. 82, 89 (2017) ("[t]he *notice of default* in this case communicated much of what paragraph 22 requires but fell short in several crucial respects") (emphasis added).  In this case, the Defendants' notice of default provides the Plaintiff with the clear, unadorned language of paragraph 22 of the Mortgage.  Exhibit 10 ("Additional Disclosures") ("[y]ou have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale").  Faced with the clear language in the Defendants' notice of default that complies with paragraph 22 of the Mortgage, the Plaintiff seeks to manufacture a Marroquin issue by conflating the Notice of Default (required by paragraphs 19 and 22 of the Mortgage) with the Notice of Acceleration (not required by the Mortgage).  Complaint, ¶ 24 ("Defendants failed to

provide the Plaintiff proper Notice of Default <u>and</u> Notice of Acceleration") (emphasis added), ¶ 33 ("Defendants failed to provide the Plaintiff proper Notice of Default <u>and</u> Acceleration") (emphasis added), ¶ 34 ("[n]o proper Notice of Default <u>and</u> Acceleration was sent to Plaintiffs in accordance with the terms of the mortgage") (emphasis added). For these reasons, this Court should dismiss Count I of the Complaint as alleged by plaintiff Susanna Stephens as personal representative.

21.    The allegation of plaintiff Susanna Stephens as personal representative that the notice of acceleration fails to strictly comply with the Mortgage is not a valid claim and, therefore, this Court should dismiss Count I of the Complaint.  The rule is that, while paragraph 22 of the Mortgage does require the lender to send a notice of default, "[p]aragraph 19, in contrast to paragraph 22, does not require any notice at all."  <u>Gomes v. Harrison</u>, 97 Mass. App. Ct. 745, 755 (2020).[5]  Paragraph 22 <u>advises</u> the borrower that he or she can reinstate after acceleration while Paragraph 19 explains <u>how</u> a borrower can reinstate.  Even if this Court were to determine that a lender should send a notice of acceleration, the Defendants' notice of acceleration complies with the terms of the Mortgage.  The rule is that a valid foreclosure does not require a mortgagee to demonstrate "punctilious performance of every single mortgage term."  <u>Pinti v. Emigrant Mtge. Co., Inc.</u>, 472 Mass. 226, 235 (2015).  In this case, the notice of acceleration conforms to and follows the language in paragraph 19 of the Mortgage, to wit:

> Borrower's Right to Reinstate After Acceleration.  **If Borrower meets certain conditions**, Borrower shall have the right to

---

[5]  It is should be noted that – aside from the terms of the Mortgage – Massachusetts law also does not require a notice of acceleration.

have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. **Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument**; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. (emphasis added)

Exhibit 2, ¶ 19.  Similar to paragraph 19, the notice of acceleration informs the borrower that if he/she meets certain conditions, then he/she may reinstate the loan under the terms of the Note and Mortgage.  See Exhibit 11.  Paragraph 19 is clearly equivocal and conditional.   The first sentence of Paragraph 19, states, "**[i]f** Borrower meets certain conditions…"  (emphasis added).  "If" and "may" are analogous.  The use of the word "may" is consistent with the tenor of the conditional nature of Paragraph 19.  While it is true that the notice of acceleration states that the Borrowers "may still have the right to reinstate the loan" and "please also note, however, that the Holder reserves the right, if allowed by the loan documents and applicable law, to refuse to accept reinstatement and to insist upon full payment of all amounts due," this language is entirely in keeping with Paragraph 19.  Exhibit 11.  The last sentence of Paragraph 19 states, "[h]owever, this right

to reinstate shall not apply in the case of acceleration under Section 18."  <u>Exhibit 2</u>, ¶ 19.

Section 18 of the Mortgage states, *inter alia*, "[if] all or any part of the Property or any

interest in the Property is sold or transferred without Lender's written consent, Lender

may require immediate payment in full of all sums secured by this Security Instrument."

<u>Exhibit 2</u>, ¶ 18.  For these reasons, plaintiff Susanna Stephens as personal representative

fails to allege a claim of failure to provide a "proper" notice of acceleration and, therefore,

this Court should dismiss Count I of the Complaint.

**RELIEF REQUESTED**

U.S. Bank and Rushmore respectfully request that this Court enter an order:

(1) Granting the Defendants' Motion to Dismiss; and

(2) Granting the Defendants such other and further relief as is just and proper.

Respectfully submitted,

RUSHMORE LOAN MANAGEMENT
AND U.S. BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE OF
DWELLING SERIES IV TRUST,

By their attorneys,

DEMERLE HOEGER, LLP,

/s/ John T. Precobb
John T. Precobb, Esq. (BBO#561931)
Richard C. Demerle. (BBO#652242)
10 City Square
Boston, MA 02129
(617) 337-4444
jprecobb@dhnewengland.com

DATE: April 29, 2022